# EXHIBIT A



Select Language v

Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | | |
|---|---|---|---|---|
| Case Number: | CV2019-015313 | Judge: | Mroz, Rosa |
| File Date: | 12/12/2019 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| David Erlichman | Plaintiff | Male | Troy Foster |
| James J Haas | Defendant | Male | Katherine Baker |
| William Gates | Defendant | Male | Pro Per |
| Maricopa County | Defendant | | Katherine Baker |
| Nicholas Lubchenco | Defendant | Male | Katherine Baker |
| Diane J Terrible | Defendant | Female | Katherine Baker |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 1/6/2020 | MOT - Motion | 1/7/2020 | |
| NOTE: Motion for Change of Judge and Reassignment to Judge of Another County | | | |
| 1/2/2020 | ANS - Answer | 1/2/2020 | |
| NOTE: Answer | | | |
| 1/2/2020 | MTD - Motion To Dismiss | 1/3/2020 | |
| NOTE: Defendants Lubchenco, Terrible, and Gates' Motion to Dismiss Section 1983 and Punitive Damages Claims | | | |
| 12/17/2019 | AFS - Affidavit Of Service | 12/18/2019 | |
| NOTE: Certificate of Service by Private Process server | | | |
| 12/17/2019 | AFS - Affidavit Of Service | 12/18/2019 | |
| NOTE: Certificate of Service by Private Process server | | | |
| 12/17/2019 | AFS - Affidavit Of Service | 12/18/2019 | |
| NOTE: Certificate of Service by Private Process server - WILLIAM GATES | | | |
| 12/17/2019 | AFS - Affidavit Of Service | 12/18/2019 | |
| NOTE: Certificate of Service by Private Process server / DIANE J TERRIBLE | | | |
| 12/12/2019 | COM - Complaint | 12/13/2019 | |
| 12/12/2019 | CCN - Cert Arbitration - Not Subject | 12/13/2019 | |
| 12/12/2019 | CSH - Coversheet | 12/13/2019 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

In the Superior Court of the State of Arizona
~~In and For the County of~~ Maricopa

# CV2019-015313

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney   Troy Foster

Attorney Bar Number   017229

Is Interpreter Needed?  ☐ Yes   ☒ No

If yes, what language(s):

CLERK OF THE SUPERIOR COURT
FILED

DEC 1 2 2019   3:04 PM

R. Verino   Deputy

---

Plaintiff's Name(s): (List all)      Plaintiff's Address:                          Phone #:              Email Address:

Dave Erlichman      c/o The Foster Group, PLLC, 518 E Willetta Street, Phoenix, AZ 85004  (602)461-7990

Plaintiff's Attorney email: tfoster@thefosterlaw.com

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)

James J. Haas; Maricopa County Public Defender; William Gates, Chairman of Maricopa County Board of Supervisors;

Nicholas Lubchenco, Supervisor at Maricopa County Public Defender; Diane J. Terribile, Human Resources Director at Maricopa

County Public Defender

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☒ Amount Claimed $ 2,000,000      ☐ Tier 1   ☒ Tier 2   ☐ Tier 3

## NATURE OF ACTION

Place an "X" next to the <u>one</u> case category that most accurately describes your primary case. **Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected as indicated above.**

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury\*

☐ 102 Property Damage\*
☐ 103 Wrongful Death\*

---

©Superior Court of Arizona in Maricopa County      Page 1 of 3              CV10f – 010119
ALL RIGHTS RESERVED

Case No._____

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence*

☐ 112 Product Liability – Asbestos*

☐ 112 Product Liability – Tobacco*

☐ 112 Product Liability – Toxic/Other*

☐ 113 Intentional Tort*

☐ 114 Property Damage*

☐ 115 Legal Malpractice*

☐ 115 Malpractice – Other professional*

☐ 117 Premises Liability*

☐ 118 Slander/Libel/Defamation*

☐ 116 Other (Specify) _____*

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.*        ☐ 123 Hospital*

☐ 122 Physician D.O*         ☐ 124 Other*

**130 & 197 CONTRACTS:**

☐ 131 Account (Open or Stated)*

☐ 132 Promissory Note*

☐ 133 Foreclosure*

☐ 138 Buyer-Plaintiff*

☐ 139 Fraud*

☐ 134 Other Contract (i.e. Breach of Contract)*

☐ 135 Excess Proceeds-Sale*

☐ Construction Defects (Residential/Commercial)*

    ☐ 136 Six to Nineteen Structures*

    ☐ 137 Twenty or More Structures*

☐ 197 Credit Card Debt (Maricopa County Only)*

**150-199 OTHER CIVIL CASE TYPES:**

☐ 156 Eminent Domain/Condemnation*

☐ 151 Eviction Actions (Forcible and Special Detainers)*

☐ 152 Change of Name

☐ 153 Transcript of Judgment

☐ 154 Foreign Judgment

☐ 158 Quiet Title*

☐ 160 Forfeiture*

☐ 175 Election Challenge

☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)

☐ 180 Injunction against Workplace Harassment

☐ 181 Injunction against Harassment

☐ 182 Civil Penalty

☐ 186 Water Rights (Not General Stream Adjudication)*

☐ 187 Real Property *

☐ Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL:**

☐ Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)

☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)

☐ 155 Declaratory Judgment

☐ 157 Habeas Corpus

☐ 184 Landlord Tenant Dispute – Other*

☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status

☐ 193 Vulnerable Adult (A.R.S. §46-451)*

☐ 165 Tribal Judgment

☐ 167 Structured Settlement (A.R.S. §12-2901)

☐ 169 Attorney Conservatorships (State Bar)

☐ 170 Unauthorized Practice of Law (State Bar)

☐ 171 Out-of-State Deposition for Foreign Jurisdiction

☐ 172 Secure Attendance of Prisoner

☐ 173 Assurance of Discontinuance

☐ 174 In-State Deposition for Foreign Jurisdiction

☐ 176 Eminent Domain– Light Rail Only*

☐ 177 Interpleader– Automobile Only*

☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)

☒ 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*      ☐ 163 Other*

☐ 196 Verified Rule 45.2 Petition      _____

☐ 195(a) Amendment of Marriage License         (Specify)

☐ 195(b) Amendment of Birth Certificate

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge

☐ Employer Sanction    ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

Troy P. Foster #017229
**The Foster Group, PLLC**
518 East Willetta Street
Phoenix, Arizona 85004
Tel: 602-461-7990
tfoster@thefosterlaw.com
*Attorneys for Plaintiff*

CLERK OF THE SUPERIOR COURT
FILED
DEC 1 2 2019 3:09PM
R. Merino          Deputy

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN THE COUNTY OF MARICOPA

| | |
|---|---|
| Dave Erlichman, a single man, | Case No.: CN 2019-01533 |
| Plaintiff, | |
| vs. | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| James J. Haas, in his official capacity as the Maricopa County Public Defender; William Gates, in his official capacity as Chairman of the Maricopa County Board of Supervisors; Maricopa County; and Nicholas Lubchenco, in his official and individual capacities, Supervisor at Maricopa County Public Defender; and Diane J. Terribile, in her official and individual capacities, Human Resources Director at Maricopa County Public Defender, | **(Jury Trial Demanded)** |
| Defendant. | |

The undersigned certified that she knows the dollar limits and any other limitations set forth by local rules of practice for the applicable superior court, and further certifies this case *is not* subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure because the amount of the award sought exceeds the jurisdictional limit set forth in L.R. 3.10(a).

**DATED** this 12 day of December, 2019.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**The Foster Group, PLLC**

Troy P. Foster
518 East Willetta Street
Phoenix, Arizona  85004
*Counsel for Plaintiff*

2

JEFF FINE
Clerk of the Superior Court

CLERK OF THE SUPERIOR COURT
FILED
DEC 1 2 2019   3:17 PM
R.Monno         Deputy

PAID
$333.00
R# 27356921

Troy P. Foster #017229
**The Foster Group, PLLC**
518 E. Willetta Street
Phoenix, Arizona 85004
Tel: 602-461-7990
tfoster@thefosterlaw.com
*Attorneys for Plaintiff*

1
2
3
4
5

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6
7

## IN THE COUNTY OF MARICOPA

| | |
|---|---|
| Dave Erlichman, a single man, | Case No.: CV 2019-015313 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(Jury Trial Demanded)** |
| James J. Haas, in his official capacity as the Maricopa County Public Defender; William Gates, in his official capacity as Chairman of the Maricopa County Board of Supervisors; Maricopa County; and Nicholas Lubchenco, in his official and individual capacities, Supervisor at Maricopa County Public Defender; and Diane J. Terribile, in her official and individual capacities, Human Resources Director at Maricopa County Public Defender, | |
| Defendants. | |

For his Complaint against Defendants James J. Haas ("the Public Defender"), William Gates ("the Board"), Maricopa County, Nicholas Lubchenco ("Mr. Lubchenco"), and Diane J. Terribile ("Ms. Terribile"), Plaintiff Dave Erlichman ("Mr. Erlichman") alleges as follows:

### Background Allegations and Jurisdiction

1.     At all times relevant to this Complaint, Mr. Erlichman resided in Maricopa County, Arizona, and is a citizen of the State of Arizona.

1

2.     At all times relevant to this Complaint, Mr. Erlichman was employed by the Maricopa County Public Defender's Office.

3.     The Public Defender is a Maricopa County agency.

4.     At all relevant times, James J. Haas has served as the Public Defender.

5.     In that role, Mr. Haas has the final policy making authority over the management and administration of the Public Defender's Office, including personnel decisions.

6.     At all relevant times, Mr. Lubchenco served as Mr. Erlichman's supervisor.

7.     In that role, Mr. Lubchenco was given authority to oversee and direct Mr. Erlichman to take or not take certain actions.

8.     Mr. Lubchenco exercised that authority.

9.     At all relevant times, William Gates has served as the Chairman of the Board of Supervisors for Maricopa County.

10.    At all relevant times, Diane J. Terribile served as the Human Resources Director for the Public Defender's Office.

11.    In that role, Ms. Terribile was the highest-ranking Human Resources official for the Public Defender's Office and was given authority over the investigation and implementation of policies and practices concerning personnel matters.

12.    Maricopa County, through the Board of Supervisors, funds the Public Defender's Office, the Maricopa County Attorney's Office ("County Attorney"), and the Maricopa County Sheriff's Office ("Sheriff's Office"), among others.

13.    Maricopa County, through the Board of Supervisors, oversees the management and administration of its criminal justice system.

14.    Maricopa County and the Public Defender are employers pursuant to 42 U.S.C. § 2000, A.R.S. § 23-1501, and other applicable federal and state laws.

15.    Mr. Erlichman was an employee of Maricopa County and the Public Defender pursuant to 42 U.S.C. § 2000e-f, A.R.S. § 23-1501, and other applicable federal and state laws.

16.     The acts and omissions forming the basis of this Complaint occurred in Maricopa County, Arizona.

17.     Jurisdiction and venue are appropriate in this Court.

### A Structural Jenga

18.     Mr. Erlichman served as a Deputy Public Defender from April 2016 until September 20, 2019.

19.     In his role, Mr. Erlichman represented criminal defendants.

20.     Mr. Erlichman's clients were being prosecuted by the County Attorney's Office.

21.     Many of Mr. Erlichman's clients were detained by the Sheriff's Office.

22.     Mr. Erlichman's clients' interests were adverse to the County Attorney's Office.

23.     At times, Mr. Erlichman's clients' interests were adverse to the County Sheriff's Office.

24.     Mr. Erlichman had an ethical duty to represent his clients' interests.

25.     Failure to represent his clients' interests could result in deprivations of Mr. Erlichman's clients' rights guaranteed by the United States and Arizona Constitutions.

### A Vigorous Advocate for His Clients ...

26.     By all accounts, Mr. Erlichman took his job seriously and earnestly defended his clients.

27.     Mr. Erlichman achieved excellent results for his clients.

28.     He garnered respect from his clients, opposing counsel, judges, court staff, and colleagues.

29.     During his last two years of employment at the Public Defender's Office, he received positive reviews.

30.     In fact, just weeks before he was relieved of his duties, the Public Defender gave Mr. Erlichman a positive performance review and pay increase.

3

31.     That said, Mr. Erlichman's advocacy was not appreciated by those trying to manage the delicate relationship between the Public Defender's Office, the Sheriff's Office, the County Attorney's Office, and the Board of Supervisors that oversaw these adversarial agencies.

32.     Mr. Erlichman's representation of his clients disrupted the political machinations.

33.     Mr. Erlichman, for his part, was unaware of the dynamic and political relationships that his advocacy impacted.

34.     Until it was too late.

## **... That Brought the Jenga Game Down**
## **Jury Pool Challenge**

35.     Beginning in July 2016, Mr. Erlichman challenged that the "master list" from which all jurors are selected in Maricopa County under-represents Hispanics, which could adversely impact all criminal defendants.

36.     Mr. Erlichman challenged that the global jury pool violated the Constitution and the law, as well as Arizona Supreme Court Administrative Orders.

37.     Mr. Erlichman's contention boiled down to the fact that defendants were being wrongfully convicted by juries that do not fairly and adequately represent their communities, a right guaranteed by the Constitution.

38.     This jury challenge issue had significant impacts.

39.     Mr. Erlichman litigated this issue for over a year.

40.     During that litigation, Mr. Erlichman obtained authorization to retain, and did retain, a population expert.

41.     That expert concluded that there was a "statistically significant" underrepresentation of Hispanics in the County jury pools.

42.     In 2017, the Maricopa County Jury Commissioner testified that she was unaware of any requirement to monitor the representativeness and inclusiveness of the jury

4

pool.  Moreover, she testified that she did not believe that any such monitoring had actually occurred.

43.     Another Deputy Public Defender joined Mr. Erlichman's litigation on the jury pool challenges.

44.     Mr. Erlichman attended several court hearings and depositions where the jury pool challenge was discussed.

45.     Mr. Erlichman's supervisor, Mr. Lubchenco, was aware of the publicly-litigated issue.

46.     In fact, in mid-2019, Mr. Lubchenco became personally involved in the issue and began to exclude Mr. Erlichman from attempts to remediate the issue.

47.     At no time did Mr. Lubchenco or anyone from the Public Defender's Office tell Mr. Erlichman that his contentions lacked legal merit.

48.     Convinced that the jury pool, as selected, was unlawful and further convinced that the failure to change it would prejudice his clients' rights (as well as other defendants throughout the County), Mr. Erlichman prepared and planned to file a Petition for Writ of Mandamus with the Arizona Supreme Court.

49.     Mr. Lubchenco threatened to fire Mr. Erlichman if he filed the Petition with the Arizona Supreme Court.

50.     As such, Mr. Erlichman did not file the Petition at the direction of Mr. Lubchenco.

51.     Mr. Lubchenco substituted himself in place of Mr. Erlichman on all litigation related to the jury pool challenge issue.

52.     Mr. Erlichman filed a grievance addressing this matter of public concern in August 2019.

53.     The jury pool issue is/remains a matter of public concern.

**Another Population Silenced:  the Seriously Mentally Ill Defendants**

54.     In 2019, Mr. Erlichman represented an African American client that was Seriously Mentally Ill.

5

55.     Having been held in solitary confinement for over five months without the opportunity to shower with any regularity, Mr. Erlichman believed that his client was being mistreated by the County Sheriff.

56.     The client's family reported their concern that their brother's mental health was deteriorating, and queried whether his race was also a factor.

57.     Mr. Erlichman challenged his client's treatment.

58.     In August 2019, Mr. Erlichman filed a Motion to Modify Release Conditions because he feared for his client's safety and well-being.

59.     As part of that challenge, Mr. Erlichman had sought the County Sheriff's policies and practices concerning the treatment of the Seriously Mentally Ill by seeking to depose County Sheriff Penzone.

60.     Before filing this challenge, Mr. Erlichman discussed the matter with his supervisor, Mr. Lubchenco.

61.     During that meeting, Mr. Erlichman presented a report that demonstrated the negative impact that long periods of solitary confinement have on anyone, but especially upon Seriously Mentally Ill clients.

62.     Mr. Lubchenco directed Mr. Erlichman not to depose Sheriff Penzone or obtain the records necessary to defend his client.

63.     Mr. Erlichman followed that direction.

64.     The issue that Mr. Erlichman raised was a matter of public concern.

### The Rules of the "Game" Belatedly Explained

65.     Immediately after Mr. Erlichman filed his grievance, Mr. Lubchenco explained why he directed Mr. Erlichman not to pursue the challenges for his clients.

66.     Mr. Lubchenco explained, for the first time, that Mr. Erlichman's challenges were contrary to the "stakeholder" policy, as described but not named by Mr. Lubchenco.

67.     That "stakeholder" policy, as explained by Mr. Lubchenco, requires cooperation and generally prohibits public policy conflicts among sister County agencies.

6

68.     In an August 2019 email to Mr. Erlichman, Mr. Lubchenco reported specifically that the Public Defender's Office considered itself a "stakeholder" in a long-standing cooperation agreement between other County agencies.

69.     Mr. Lubchenco further reported that, as part of this unwritten agreement, the Public Defender's Office generally prohibited its attorneys from litigating issues of public concern against another County agency.

70.     Mr. Lubchenco informed Mr. Erlichman that Public Defenders were not to take actions that upset the "good working" relationship between it and other County agencies.

71.     Mr. Lubchenco also confided in Mr. Erlichman that one of the reasons that the Public Defender's Office did not take such actions was because it feared retaliation through the budgeting process.

72.     Specifically, if the Public Defender's Office did not "play nice," Mr. Lubchenco reported that they feared the Board of Supervisors would cut or reduce funding.

73.     Until receiving Mr. Lubchenco's email, Mr. Erlichman was not aware of the "stakeholder" policy and believed that Mr. Lubchenco was simply undermining him.

74.     However, Mr. Erlichman subsequently learned that this "stakeholder" policy was the reason that Mr. Lubchenco had taken over the jury pool challenges and prohibited the filings in both that case and against the Sheriff's Office in the SMI detainee case.

75.     Subsequent to his grievance, Mr. Erlichman learned about the "stakeholder" policy or practice for the first time.

76.     Other current and former Deputy Public Defenders are aware of the stakeholder policy.

77.     Mr. Erlichman shared Mr. Lubchenco's email with others.

78.     Current and former Deputy Public Defenders and staff members have read Mr. Lubchenco's email concerning the "stakeholder" policy.

7

**Eliminating the Player:  Game Over**

79.     After being informed about the "rules of the game," Mr. Erlichman expressed his understanding of the "stakeholder" policy as explained by Mr. Lubchenco.

80.     Specifically, Mr. Erlichman told Mr. Lubchenco that he understood the need for County agencies to work together on common goals.

81.     That, however, Mr. Erlichman explained, could not adversely impact a client's rights.

82.     Days after filing his complaint and after his interactions with Mr. Lubchenco about the "stakeholder" policy, Mr. Erlichman was placed on administrative leave.

83.     Mr. Erlichman was simultaneously removed from the cases that served as the genesis for the complaint.

84.     On August 21, 2019, Mr. Erlichman was summoned to a lengthy meeting by the Public Defender's Human Resources representative.

85.     Mr. Erlichman believed that the purpose of the meeting was not to investigate his complaint, but rather to end his employment.

86.     On September 12, 2019, Mr. Erlichman was brought back to Ms. Terribile's office.

87.     During that recorded conversation, with witnesses present, Ms. Terribile questioned Mr. Erlichman's mental fitness, character, and integrity.

88.     Specifically, Ms. Terribile informed Mr. Erlichman, in writing, that he would need to pass a "fitness for duty" examination if he were to return to work.

89.     Until his complaint, there was no question about Mr. Erlichman's fitness or integrity.

90.     On September 20, 2019, Mr. Haas terminated Mr. Erlichman via letter.  *See* Termination letter, attached as Exhibit 1.

**Administrative Exhaustion and Damages**

91.     Mr. Erlichman filed a Notice of Claim on October 1, 2019.  *See* Exhibit 2.

8

92.     Mr. Erlichman's Notice of Claim satisfied the statutory requirements of A.R.S. § 12-821.

93.     More than 60 days has passed since Mr. Erlichman filed his Notice of Claim.

94.     Because of his wrongful termination and the Constitutional violations, as outlined throughout this Complaint, Mr. Erlichman has suffered and will continue to suffer damages.

95.     Mr. Erlichman became physically ill when told that he could not protect his clients' rights.

96.     Mr. Erlichman has suffered emotional distress as a result of his limited scope, without explanation.

97.     As a result of his termination, Mr. Erlichman suffered physical ailments that required extensive hospitalization due to medical complications attributable to his termination and the defendants' conduct.

98.     Further, Mr. Erlichman has suffered severe emotional distress, anxiety, depression, sleep deprivation and insomnia.

99.     The circumstances surrounding his termination and the accusations made about him will make finding future employment difficult.

100.    The loss of health insurance and other benefits have damaged Mr. Erlichman.

101.    The comments and circumstances surrounding his termination have damaged his reputation.

## LEGAL CLAIMS
### Count One:  First Amendment Violations (§ 1983) (Against Defendants Haas, Lubchenco, and Terribile)

102.    Mr. Erlichman reincorporates allegations in paragraphs 1-101 as if fully set forth here.

103.    At all relevant times, Mr. Haas was acting under color of State law.

104.    At all relevant times, Mr. Lubchenco was acting under color of State law.

105.    At all relevant times, Ms. Terribile was acting under color of State law.

9

106.   As the Public Defender, Mr. Haas was the highest-ranking official of the Office at the time of the relevant allegations.

107.   In her role, Ms. Terribile was the highest-ranking Human Resources official for the Public Defender's Office.

108.   In his role, Mr. Lubchenco had the authority to direct and oversee, and did direct and oversee, Mr. Erlichman's duties in representing his clients.

109.   In their respective roles, Messrs. Haas, Lubchenco, and Ms. Terribile were charged with ensuring the workplace was free from adverse actions for the proper exercise of speech, the violation of which infringes upon an employee's First Amendment rights under the United States Constitution.

110.   Mr. Erlichman's written grievance and oral complaints concerned his good faith belief that his clients', and other defendants', Constitutional rights were being violated.

111.   Mr. Erlichman's written grievance and oral complaints raised matters of public concern

112.   Mr. Erlichman had the right to voice matters of public concern, as protected by his First Amendment rights under the United States Constitution.

113.   As a public employee, Mr. Erlichman was also deprived of a name-clearing hearing due to the nature of the allegations raised by Ms. Terribile in the manner in which she raised them.

114.   All of Mr. Erlichman's rights, as articulated above, are clearly established and recognized.

115.   Messrs. Haas and Lubchenco and Ms. Terribile all abused their respective positions given to them by the government while acting under the color of State law.

### Count Two:  Wrongful Termination (Arizona Employment Protection Act) (Against Public Defender/Maricopa County)

116.   Mr. Erlichman reincorporates allegations in paragraphs 1-115 as if fully set forth there.

117.   Mr. Erlichman reported his good faith belief that his employer's practices violated certain state and federal laws and their respective Constitutions.

118.   Mr. Erlichman's written and oral reports were made to individuals that he reasonably believed were in positions to investigate, remedy, and prevent any future violations of law.

119.   Messrs. Haas and Lubchenco, and Ms. Terribile were in positions to investigate, remedy, and prevent any future violations of law.

120.   Mr. Erlichman was terminated for making these reports.

121.   Mr. Erlichman's termination violates public policy.  *See* A.R.S. § 23-1501(A)(3)(c)(ii).

### Conclusion

**THEREFORE,** Mr. Erlichman respectfully requests the following relief:

A. An award of back pay, reinstatement, front pay (if reinstatement is not feasible), compensatory, and punitive damages for the Individual Defendants' violations of his civil rights pursuant to § 1983;

B. An award of back pay, front pay, and compensatory damages for the employers' violations of the AEPA;

C. An award of attorneys' fees and costs based upon the applicable provisions of federal and state law; and

D. All other appropriate injunctive and equitable relief.

**DATED** this \_\_\_\_\_ day of December, 2019.


The Foster Group, PLLC


Troy P. Foster
518 E. Willetta Street
Phoenix, Arizona 85004
*Counsel for Plaintiff*

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
12/17/2019 12:15:00 PM
Filing ID 11195034

## SUPERIOR COURT OF THE STATE OF ARIZONA,
## COUNTY OF MARICOPA

**Dave Erlichman, a single man,**

*Plaintiff(s) / Petitioner(s)*

v.

**James J. Haas, in his official capacity as the Maricopa County Public Defender; William Gates, in his official capacity as Chairman of the Maricopa County Board of Supervisors; Maricopa County; and Nicholas Lubchenco, in his official capacities, Supervisor at Maricopa County Public Defender; and Diane J. Terribile, in her official capacities, Human Resources Director at Maricopa County Public Defender**

Case No.: CV2019-015313

*Defendant(s) / Respondent(s)*

### <u>CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVER</u>

I, Ruben Herrera, being duly sworn, state:

I am an Arizona private process server in good standing, registered with Maricopa County Superior Court, #MC-8310. I am 21 years or older and not a party to this action.

I served the following documents on Diane J. Terribile in Maricopa County, AZ on December 13, 2019 at 4:46 pm at Maricopa County Public Defender Office, 620 W. Jackson St, 5th floor, Phoenix, AZ 85003 by workplace substituted service by leaving the documents at the usual workplace of Diane J. Terribile with Cathryn Whalen who is the Deputy Director at Maricopa County Public Defender Office and authorized to accept service of legal documents for Diane J. Terribile.

**Civil Cover Sheet, Summons, Complaint, and Certificate of Compulsory Arbitration.**

Description: White Female, est. age 45, glasses: Y, Blonde hair, 120 lbs to 140 lbs, 5' 9" to 6'.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in Maricopa County, Arizona,
On December 16, 2019.

Signature
Ruben Herrera, #MC-8310
PROOF - Arizona
PO Box 74172, Phoenix, AZ 85087
(602) 561-9386

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
12/17/2019 12:08:00 PM
Filing ID 11194934

## SUPERIOR COURT OF THE STATE OF ARIZONA
## COUNTY OF MARICOPA

**Dave Erlichman, a single man,**

*Plaintiff(s) / Petitioner(s)*

v.

**James J. Haas, in his official capacity as the Maricopa County Public Defender; William Gates, in his official capacity as Chairman of the Maricopa County Board of Supervisors; Maricopa County; and Nicholas Lubchenco, in his official capacities, Supervisor at Malicopa County Public Defender; and Diane J. Terrible, in her official capacities, Human Resources Director at Maricopa County Public Defender,**

Case No.: CV2019-015313

*Defendant(s) / Respondent(s)*

### <u>CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVER</u>

I, Christian Glover, being duly sworn, state:

I am an Arizona private process server in good standing, registered with the Pinal County Superior Court, #PN-201900004. I am 21 years or older and not a party to this action.

I served the following documents on William Gates in Maricopa County, AZ on December 16, 2019 at 11:52 am at Maricopa County Board of Supervisors; Maricopa County, 301 W. Jefferson St, 10th floor, Phoenix, AZ 85003 by workplace substituted service by leaving the documents at the usual workplace of William Gates with Mireya Vargas, who as Special Deputy Clerk is authorized to accept service of legal documents for William Gates.

**Civil Cover Sheet, Summons, Complaint , and Certificate of Compulsory Arbitration.**

Description: Hispanic Female, est. age 30, glasses: Y, Brown hair, 120 lbs to 140 lbs, 5' 3" to 5' 6".

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in Pinal County, Arizona,
On December 17, 2019.

*Signature*

Christian Glover, #PN-201900004
PROOF - Arizona
PO BOX 74172, Phoenix, AZ 85087
(520) 450-3725

Clerk of the Superior Court
*** Electronically Filed ***
M. King, Deputy
12/17/2019 12:13:00 PM
Filing ID 11194987

## SUPERIOR COURT OF THE STATE OF ARIZONA
## COUNTY OF MARICOPA

Dave Erlichman, a single man,

    *Plaintiff(s) / Petitioner(s)*

v.

**James J. Haas, in his official capacity as the Maricopa
County Public Defender; William Gates, in his official
capacity as Chairman of the Maricopa County Board of
Supervisors; Maricopa County; and Nicholas Lubchenco, in
his official capacities, Supervisor at Maricopa County Public
Defender; and Diane J. Terribile, in her official capacities,
Human Resources Director at Maricopa County Public
Defender**

    Case No.: CV2019-015313

    *Defendant(s) / Respondent(s)*

### CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVER

I, Ruben Herrera, being duly sworn, state:

I am an Arizona private process server in good standing, registered with Maricopa County Superior
Court, #MC-8310. I am 21 years or older and not a party to this action.

I served the following documents on Nicholas Lubchenco in Maricopa County, AZ on December 13,
2019 at 4:46 pm at Maricopa County Public Defender Office, 620 W. Jackson St, 5th Floor, Phoenix,
AZ 85003 by workplace substituted service by leaving the documents at the usual workplace of
Nicholas Lubchenco with Cathryn Whalen who is the Deputy Director at Maricopa County Public
Defender Office and authorized to accept service of legal documents for Nicholas Lubchenco.

**Civil Cover Sheet, Summons, Complaint, and Certificate of Compulsory Arbitration.**

Description: White Female, est. age 45, glasses: Y, Blonde hair, 120 lbs to 140 lbs. 5' 9" to 6'.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in Maricopa County, Arizona,
On December 16, 2019.

*Signature*
Ruben Herrera, #MC-8310
PROOF-Arizona
PO Box 74172, Phoenix, AZ 85087
(602) 561-9386

Clerk of the Superior Court
*** Electronically Filed ***
M. King, Deputy
12/17/2019 12:11:00 PM
Filing ID 11194986

## SUPERIOR COURT OF THE STATE OF ARIZONA
## COUNTY OF MARICOPA

Dave Erlichman, a single man,

*Plaintiff(s) / Petitioner(s)*

v.

James J. Haas, in his official capacity as the Maricopa
County Public Defender; William Gates, in his official
capacity as Chairman of the Maricopa County Board of
Supervisors; Maricopa County; and Nicholas Lubchenco, in
his official capacities, Supervisor at Maricopa County Public
Defender; and Diane J. Terribile, in her official capacities,
Human Resources Director at Maricopa County Public
Defender;

        Case No.: CV2019-015313

*Defendant(s) / Respondent(s)*

### CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVER

I, Ruben Herrera, being duly sworn, state:

I am an Arizona private process server in good standing, registered with Maricopa County Superior
Court, #MC-8310. I am 21 years or older and not a party to this action.

I served the following documents on James J. Haas in Maricopa County, AZ on December 13, 2019 at
4:46 pm at Maricopa County Public Defender Office, 620 W. Jackson St, 5th floor, Phoenix, AZ
85003 by workplace substituted service by leaving the documents at the usual workplace of James J.
Haas with Cathryn Whalen who is the Deputy Director at Maricopa County Public Defender Office
and authorized to accept service of legal documents for James J. Haas.

**Civil Cover Sheet, Summons, Complaint, and Certificate of Compulsory Arbitration**

Description: White Female, est. age 45, glasses: Y, Blonde hair, 120 lbs to 140 lbs, 5' 9" to 6'.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in Maricopa County, Arizona,
On December 16, 2019.

Signature
Ruben Herrera
PROOF-Arizona
PO Box 74172, Phoenix, AZ 85087
(602) 561-9386

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
1/2/2020 8:47:00 PM
Filing ID 11236023

1   Katherine E. Baker (010146)
    **GREEN & BAKER, LTD.**
2   9332 E. Raintree Drive, Suite 150
    Scottsdale, Arizona  85260
3   Telephone:  (480) 991-3335
    kbaker@greenandbaker.com
4   *Attorneys for Defendants*

5

6           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7           **IN AND FOR THE COUNTY OF MARICOPA**

8

9   Dave Erlichman, a single man,            Case No.:   CV2019-015313

                Plaintiffs,
10                                           **DEFENDANTS LUBCHENCO,**
11  vs.                                      **TERRIBLE, AND GATES' MOTION**
                                             **TO DISMISS §1983 AND PUNITIVE**
12  James J. Haas, in his official capacity  **DAMAGES CLAIMS**
    as   the   Maricopa   County   Public
13  Defender; William Gates, in his official
    capacity as Chairman of the Maricopa     **(Assigned to the Honorable Rosa**
14  County    Board    of    Supervisors;    **Mroz)**
    Maricopa    County;    Nicholas
15  Lubchenco,   in   his   official   and
    individual capacities, Supervisor at
16  the    Maricopa    County    Public
    Defender's Office; Diane J. Terribile, in
17  her official and individual capacities,
    Human   Resources   Director   at   the
18  Maricopa   County   Public   Defender's
    Office,
19
                Defendants.
20

21        Defendants Nicholas Lubchenco, an attorney with the Maricopa County

22  Public Defender's Office ("MCPDO"); Diane Terribile, Department HR Manager for

23  MCPDO; and William Gates, Chairman of the Maricopa County Board of

24  Supervisors, herewith move for an order dismissing the § 1983 claims against Gates

25  and Terribile; and dismissing the punitive damages claim against Terribile and

26  Lubchenco. [1]

27  _____
    [1] Lubchenco and Terribile have filed an Answer. Therefore, this motion may be considered a Motion
28  for Judgment on the Pleadings. [See, Rule 12(b)(6), A.R.C.P; Rule 12(c)]. Defendant Gates has not yet
    answered; thus, this Motion is one to dismiss under 12(b)(6). Such motions [to dismiss and for
    judgment on the pleadings] may be joined. Rule 12(c), A.R.C.P.

1

2

## I.    INTRODUCTION.

Plaintiff is a former Defender Attorney in the Maricopa County Public Defender's Office. (Complaint, ¶ 2, p. 2). On 9/20/19, Plaintiff was terminated for misconduct including, among other things, lack of truthfulness, poor judgment, and poor performance. (Answer, ¶ 2, p. 2; ¶27, p. 9). After his termination, Plaintiff filed suit, alleging purported wrongful termination and supposed ¶ 1983 violations. (Complaint, pp. 9, 10).

## II.    LEGAL DISCUSSION.

### A. Plaintiff's Allegations Are Not Sufficient to Withstand A Motion to Dismiss and Motion for Judgment on the Pleadings.

A motion for judgment on the pleadings under Rule 12(c), Ariz. R. Civ. P., "tests the sufficiency of the complaint, and judgment should be entered for the defendant if the complaint fails to state a claim for relief." *Giles v. Hill Lewis Marce*, 195 Ariz. 358, ¶ 2 (App. 1999).   "When adjudicating a Rule 12(b)(6) motion to dismiss, Arizona courts look only to the pleading itself and consider the well-pled factual allegations contained therein." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7, 189 P.3d 344, 346 (2008). Courts must also assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom. *Doe ex rel. Doe v. State*, 200 Ariz. 174, 175 ¶ 2, 24 P.3d 1269, 1270 (2001). Because Arizona courts evaluate a complaint's well-pled facts, mere conclusory statements are insufficient to state a claim upon which relief can be granted. The inclusion of conclusory statements does not invalidate a complaint. *Long v. Portland Cement Co.*, 89 Ariz. 366, 369, 362 P.2d 741, 743 (1961). But a complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice

2

pleading standard under Rule 8. *Id.*, *See also, Cullen*, 218 Ariz. at 419, 189 P.3d at 346. [2]

**B.  Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted on Count One [§1983] As Against Defendants Gates and Terribile.**

Section 1983 provides a right of action against a person who, under color of state law, deprives another "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "Unless otherwise restricted, states have concurrent jurisdiction with the federal courts to enforce rights created by federal law, including § 1983." *Baker v. Rolnick*, 210 Ariz. 321, 325 ¶ 18 (App. 2005). "Generally, federal laws control the substantive aspects of federal claims in state courts, including § 1983 claims." *Id.*; *see Shotwell v. Donahoe*, 207 Ariz. 287, 290, ¶ 6, 85 P.3d 1045, 1048 (2004) ("While federal laws generally control substantive aspects of federal claims adjudicated in state courts, state rules of procedure and evidence apply unless the state rules would affect the substantive federal right.").

Count One of Plaintiff's Complaint purports to be a § 1983 claim. (Complaint, p. 9). To state a claim under § 1983, the Plaintiff must allege that he suffered a

---

[2] Under Federal law, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. Rule 8's pleading standard demands more than "an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, a complaint must state a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (citing *Twombly*, 550 U.S. at 557). Courts do not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, meaning a defendant's position as the alleged  supervisor of persons who purportedly violated a plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 659 (1978).

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the supposed deprivation of his civil rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). *See Hudson v. City of McKeesport*, 244 Fed.Appx. 519 (3d Cir. 2007) [Unpublished] (affirming dismissal of defendant who was only named in caption of case); *see also McCoy v. Goord*, 255 F.Supp.2d 233, 258 (S.D.N.Y. 2003) (where a complaint contains no allegations indicating how the defendant violated or injured the plaintiff, a motion to dismiss the complaint should be granted).[3]

### i.   Defendant Gates.

Without question, Plaintiff has failed to state a valid claim against Defendant Gates. Mr. Gates is not named as a Defendant in either Count One or Count Two of the Complaint. Plaintiff does not allege that Mr. Gates had any involvement whatsoever in any of the events at issue. The Complaint mentions Defendants Gates once in paragraph 9 on page two, in which it merely alleges that Mr. Gates served as the Chairman of the Board of Supervisors for Maricopa County. No other mention of

---

[3] Under the criteria set forth in Rule 19, Arizona Rules of Civil Procedure, the Chairman of the Board of Supervisors is neither a necessary nor indispensable party.

4

Mr. Gates is contained anywhere in the Complaint. Plaintiff does not allege that Gates is an official responsible for, or involved in, any of the events at issue. The Complaint should be dismissed in its entirety against Defendant Gates. [4]

On page 9 of the Complaint, under the heading "LEGAL CLAIMS", Plaintiff sets forth "Count One" as a purported Section 1983 claim. Plaintiff expressly identifies the claim as being only against Defendants Haas, Lubchenco and Terribile. Count One says nothing of Mr. Gates and is not asserted against him or against Maricopa County. On page 10 of the Complaint, Plaintiff sets forth "Count Two" as a supposed claim under the Arizona Employment Protection Act. Plaintiff specifies that Maricopa County is the Defendant. Again, no mention is made of Mr. Gates and no claim is asserted against him. Gates is not a necessary party to an action against the County.

### ii.   Defendant Terribile.

In Count One of the Complaint, Plaintiff sued Defendant Terribile in her individual capacity under § 1983. Ms. Terribile is not sued in Count Two, the state law discharge claim. In paragraphs 10 and 11 of the Complaint, (p. 2) Plaintiff alleges that Ms. Terribile is the HR "Director" for the Public Defender's Office [her title is Department HR Manager]. He also alleges that Terribile has authority over the implementation of policy regarding personnel matters and asserts that she has authority over investigations. *Id.* In paragraphs 86-88 of the Complaint, (p. 8) Plaintiff alleges Terribile met with him on 9/12/19, and allegedly questioned "his mental fitness, character, and integrity". He also alleges she informed him of the requirement contained in the Haas letter for a mental fitness exam before he

---

[4] Both Defendants Gates and Defendant Haas, the Maricopa County Public Defender, are sued in their official capacities. Official capacity suits are generally another way of pleading an action against an entity of which the officer is an agent. *Monell*, 436 U.S. at 690, n. 55, 98 S.Ct. at 2035 n. 55. There is no need to also name Mr. Gates in his official capacity, nor is it proper, as he is not alleged to have been involved in any of the events at issue.

returned from administrative leave with pay. *Id.* In paragraph 105, (p.9) Plaintiff alleges all of Ms. Terribile's actions were under color of state law. In paragraph 107, (p. 10) Plaintiff alleges that Terrible holds the highest-ranking HR position in the Public Defender's Office. In paragraph 115, (p. 10) Plaintiff alleges that Terrible and the other Defendants "abused" their positions. In paragraph 119 (p. 11) Plaintiff makes the conclusory allegation that Defendants Haas, Lubchenco and Terrible were in a position to investigate, remedy, or prevent future violations of the law. Even taken together, these allegations are insufficient to state a § 1983 claim against Defendant Terribile.

Plaintiff does not allege that Ms. Terribile violated his rights in any way or engaged in any specific conduct other than meeting with him and supposedly parroting the contents of a letter from Mr. Haas. Plaintiff does not allege that Defendant Terribile either supervised him or had any power or authority over his employment or over any aspect of his practice as an attorney. Plaintiff's conclusory allegation, in paragraph 115 (p.10) of the Complaint, that Terribile and the other defendants supposedly "abused their respective positions" is not an allegation that he suffered a specific injury as a result of any specific conduct by Ms. Terribile, nor does it allege any affirmative link between any alleged injury and the purported conduct of Terribile, as is required to state a §1983 claim. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff's allegations of supposed misconduct against Terribile are simply conclusions, without any showing that she was personally involved in any supposed deprivation of his civil rights. These conclusory "naked assertions" are insufficient to state a claim.

C. **Plaintiff Has Failed to Plead Sufficient Facts to State a Claim for Punitive Damages Against Defendants Lubchenco and Terribile.**

Plaintiff seeks punitive damages against Defendants Terribile and Lubchenco

in their individual capacities pursuant to his § 1983 claim. (Prayer for Relief, p. 11, item "A"). Punitive damages are allowed under § 1983 "when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (quoting *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993) ); *Binkovich v. Barthelemy*, 672 F. Appx. 648, 650 (9th Cir. 2016). The Ninth Circuit has determined that "[T]he standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases," which extends to "malicious, wanton, or oppressive acts or omissions." *Dang* , 422 F.3d 800, 807 (9th Cir.2005).

Here, Plaintiff has not alleged with particularity that any of the individual Defendants acted with reckless intent, evil motive, or callous indifference, nor has he alleged any facts suggesting such intent. Plaintiff has failed to allege any facts that rise to the level of knowledge or conscious disregard which would warrant punitive damages. The only connection Plaintiff alleges as between himself and Defendant Terribile is that he met with her. (Complaint, ¶ 86, p. 8). Plaintiff does not allege that Terribile, a non-attorney employee of the Public Defender's Office, took any action alleged to have caused any deprivation of his rights.

Plaintiff alleges that Defendant Lubchenco, his supervisor, allegedly made supervisory decisions with which Plaintiff disagreed. (Complaint, ¶s 7-8, 48-50, 62-63). Plaintiff alleges that Defendant Lubchenco's supposed supervisory decisions were made pursuant to an alleged agreement for County agencies to cooperate. (Complaint, ¶s 66-74). Plaintiff does not attribute any bad motive or intent to Lubchenco – quite the opposite. Plaintiff's allegations are that Mr. Lubchenco was allegedly doing his job by performing supervisory functions within the course and scope of his employment and as allegedly directed by his employer.

Plaintiff's allegations do not identify with any specificity any acts that rise to the level of "malicious, wanton, or oppressive acts or omissions." Plaintiff has failed to sufficiently allege a claim for punitive damages against any of the individual Defendants.

## III.   <u>CONCLUSION.</u>

For the foregoing reasons, Defendants Terribile and Gates respectfully request an order dismissing of the ¶ 1983 claim for failure to state a claim against them. Defendants Terribile and Lubchenco respectfully request an order dismissing the punitive mages claim brought against them in their individual capacities.

RESPECTFULLY SUBMITTED this 2nd day of January 2020.

**GREEN & BAKER, LTD.**

By: ___/s/ Katherine Baker_____
Katherine E. Baker
9332 E. Raintree Drive, Suite 150
Scottsdale, Arizona 85260
Attorneys for Defendants

ORIGINAL of the foregoing eFiled with AZTurboCourt this 2nd day of January, 2020, and electronically served this same date to:

Troy P. Foster
The Foster Group, PLLC
518 East Willetta Street
Phoenix, Arizona  85004

KEB _____

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
1/2/2020 2:48:00 PM
Filing ID 11234899

Katherine E. Baker (010146)
**GREEN & BAKER, LTD.**
9332 E. Raintree Drive, Suite 150
Scottsdale, Arizona 85260
Telephone: (480) 991-3335
kbaker@greenandbaker.com
*Attorneys for Defendants*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Dave Erlichman, a single man, | Case No.: CV2019-015313 |
| Plaintiffs, | |
| | **ANSWER** |
| vs. | |
| | **(Jury Trial Demanded)** |
| James J. Haas, in his official capacity as the Maricopa County Public Defender; William Gates, in his official capacity as Chairman of the Maricopa County Board of Supervisors; Maricopa County; Nicholas Lubchenco, in his official and individual capacities, Supervisor at the Maricopa County Public Defender's Office; Diane J. Terribile, in her official and individual capacities, Human Resources Director at the Maricopa County Public Defender's Office, | **(Assigned to the Honorable Rosa Mroz)** |
| Defendants. | |

For their Answer to Plaintiff's Complaint, Defendants James J. Haas, Maricopa County Public Defender; Maricopa County; Nicholas Lubchenco, and Diane J. Terribile [collectively hereafter "Defendants"] herewith admit, deny, and allege as follows:

1.  The Defendants deny each and every allegation of the Complaint, and every portion thereof, to which a response is not hereafter asserted, and demand strict proof thereof.

2.  The Defendants object to, and deny, the contents of the various headings and subheadings contained in the Complaint, all or most of which are unprofessional and argumentative, as well as misleading and false. Defendants deny that Plaintiff was

wrongfully terminated and deny that any action was taken in violation of any constitutional right. Plaintiff, upon information and belief, was previously the subject of a conservatorship initiated by the State Bar, after which he was disbarred for almost 17 years. Plaintiff was terminated from his position with the Public Defender's Office based on his own misbehavior. At times, Plaintiff displayed, among other things, egocentric conduct, lack of truthfulness, inaccurate accusations, poor judgment, inadequate legal skills, lack of adherence to office procedure, discourteous treatment of others, and additional misbehaviors that may have been, upon information and belief, similar to what he displayed before he was disbarred.

3.     Answering paragraphs 1, 2, 4, and 106 of the Complaint, the Defendants admit the allegations contained therein upon information and belief.

4.     Answering paragraphs 47, 48, 54, 55, 56, 57, 58, 77, 85, 102, and 116 of the Complaint, the Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained therein, or the allegations are not sufficiently specific to form a response, and therefore deny such allegations and demand strict proof thereof.

5.     Answering paragraphs 26, 27, 28, 31, 32, 33, 34, 46, 49, 50, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 78, 79, 80, 81, 82, 83, 86, 87, 89, 94, 99, 101, 110, 111, 113, 114, 115, 117, 118, 119, 120, and 121 of the Complaint, the Defendants deny the allegations contained therein and demand strict proof thereof.

6.     Answering paragraph 3 of the Complaint, the Defendants acknowledge the Public Defender's Office is a Maricopa County office.

7.     Answering paragraph 5 of the Complaint, the Defendants acknowledge that, subject to various limitations, Mr. Haas has authority over certain aspects of the Public Defender's Office.

8.     Answering paragraph 6 of the Complaint, Defendants affirmatively allege that Plaintiff had various supervisors at the Public Defender's Office, many or most of whom, upon information and belief, had difficulties with Plaintiff's behavior and performance.   The Defendants are unable to determine what Plaintiff means by "all

1  relevant times" and therefore deny such allegation and demand strict proof thereof.

2  9.  Answering paragraphs 7-8 of the Complaint, the Defendants acknowledge
3  that Defendant Lubchenco was, at times, Plaintiff's supervisor and superior in the Public
4  Defender's Office.  Both Plaintiff and Defendant Lubchenco are attorneys, and each has
5  their own ethical obligations which govern their practice. Defendants affirmatively allege
6  that, at times, Plaintiff suggested a legal strategy, tactic, or filing that was procedurally
7  improper, premature, not ready for filing, or not in the best interests of the Public
8  Defender's Office's individual client or clients. The Defendants are without sufficient
9  knowledge to understand the specifics of the remaining allegations contained therein and
10 therefore deny such allegations, and all other allegations of paragraphs 7-8, and demand
11 strict proof thereof.

12 10.  Answering paragraph 9 of the Complaint, the Defendants admit Defendant
13 Gates is the Chairman of the Maricopa County Board of Supervisors but are unable to
14 determine what Plaintiff means by "all relevant times" and therefore deny such allegation
15 and demand strict proof thereof.

16 11.  Answering paragraphs 10 and 11 of the Complaint, the Defendants
17 affirmatively allege that Defendant Terribile was Department Human Resources Manager,
18 but that she was subject to oversight and direction by others, and that she could not, on her
19 own, create policies regarding personnel matters. The Defendants deny the remaining
20 allegations set forth therein and demand strict proof thereof.

21 12.  Answering paragraph 12 of the Complaint, the Defendants affirmatively
22 allege it contains an incomplete and inaccurate description of the sources of funds for the
23 referenced entities. The Defendants deny the remaining allegations contained therein and
24 demand strict proof thereof.

25 13.  Answering paragraph 13 of the Complaint, the Defendants affirmatively
26 allege the judicial system of the State of Arizona is managed and administered by the State
27 of Arizona and ultimately by the State Supreme Court. The Defendants deny the remaining
28 allegations contained therein and demand strict proof thereof.

3

14.     Answering paragraphs 14-15 of the Complaint, the Defendants affirmatively allege that the Public Defender himself is not an employer, but rather that Maricopa County is an employer and that the Public Defender's Office is a part of Maricopa County. Plaintiff worked in the Public Defender's Office and was a Maricopa County employee.   The Defendants deny the remaining allegations contained therein and demand strict proof thereof.

15.     Answering paragraph 16 of the Complaint, the Defendants deny that any act or omission occurred in Maricopa County, Arizona which would give rise to any valid claim by the Plaintiff against them. The Defendants deny the remaining allegations contained therein and demand strict proof thereof.

16.     Answering paragraph 17 of the Complaint, Defendants affirmatively allege that Federal Court may assert or accept jurisdiction over Plaintiff's claims, but venue would otherwise be proper. The Defendants deny the remaining allegations contained therein and demand strict proof thereof.

17.     Answering paragraph 18 of the Complaint, the Defendants acknowledge, upon information and belief, that the allegations contained therein are roughly accurate regarding the time period for which Plaintiff was an employee but deny that he "served" as a Deputy Public Defender consistently during that period.

18.     Answering paragraphs 19-23 of the Complaint, the Defendants affirmatively allege that persons represented by the Public Defender's Office are clients of the office, not clients of the individual attorney performing, or helping to perform, the work. Although the prosecuting attorneys may have worked for the County Attorney's Office, the charges were being pursued by the State of Arizona for the benefit of the citizens of the state. Although the Maricopa County Sheriff's Office acts as a law enforcement agency for some of the matters handled by the Public Defender's Office, the Sheriff's Office works on behalf of the citizens of Maricopa County. The Defendants deny the remaining allegations contained therein and demand strict proof thereof.

19.     Answering paragraphs 24 and 25 of the Complaint, the Defendants

4

1    affirmatively allege that Plaintiff had an ethical obligation to the clients of the Public
2    Defender's Office and asserts that the office worked diligently to protect the interests of its
3    clients, although the actions suggested by Plaintiff would at times have not served the best
4    interests of the individual client.  The Defendants deny the remaining allegations contained
5    therein and demand strict proof thereof.

6         20.    Answering paragraphs 29 and 30 of the Complaint, the Defendants
7    affirmatively allege the performance reviews and other records speak for themselves and
8    must be read and interpreted as a whole. The Defendants deny the remaining allegations
9    contained therein and demand strict proof thereof.

10         21.    Answering paragraphs 35-45 of the Complaint, the Defendants affirmatively
11    allege that Plaintiff personally made no challenges to the jury pool but rather acted in his
12    role as a Defender Attorney for the Public Defender's Office regarding the jury pool
13    challenge. The Public Defender's Office was, and still is, pursuing a challenge to the jury
14    pool. The testimony of any witness in that matter speaks for itself and must be read and
15    interpreted as a whole. Defendants furthermore deny that all of Plaintiff's actions regarding
16    an expert were proper. It is unclear which expert witness is intended to be referenced in
17    these paragraphs, but Plaintiff has previously falsely claimed to have obtained all proper
18    approvals for retaining/paying/or assigning work to an expert when in fact he did not
19    follow the proper steps regarding some or all of those issues. Plaintiff suffered no adverse
20    consequence due to the fact of the jury pool challenge or its subject matter. Plaintiff,
21    however, appeared to have become jealous of his supervisor's role in the jury pool litigation
22    and resentful of his participation. Among other things, Plaintiff seemed to feel insulted that
23    his supervisor acted, at times, as first chair in the litigation, as was appropriate given his
24    superior position and in light of some of his areas of expertise or experience. Plaintiff
25    expressed suspicion that his own negative history as an attorney as reflected in various
26    publications and his disbarment of almost 17 years by the State Bar had created a
27    perception that he was not a good attorney. Plaintiff began trying to re-write history by
28    falsely claiming there was no basis for his disbarment. Concerns arose about Plaintiff's

1  judgment and behavior as well as various false or inaccurate statements he made, some of
2  which may have been an attempt on his part to discredit his supervisor, whose superior
3  position Plaintiff seemed to resent. The Defendants deny the remaining allegations
4  contained therein, and demand strict proof thereof.

5      22.    Answering paragraph 51 of the Complaint, the Defendants affirmatively
6  allege that neither the Plaintiff nor Defendant Lubchenco personally pursued the jury pool
7  challenge, but rather that the Public Defender's Office did so. When Plaintiff's poor
8  judgment, false statements, and/or inconsistent behavior persisted and he was ultimately
9  terminated, the office continued with the litigation, and Defendant Lubchenco continued to
10  handle it, together with others.  The Defendants deny the remaining allegations contained
11  therein, and demand strict proof thereof.

12      23.    Answering paragraph 52-53 of the Complaint, the Defendants affirmatively
13  allege that Plaintiff's internal grievance contained accusations personal to himself
14  reflecting, among other things, his resentment that his supervisor acted as first chair on the
15  jury pool litigation and was in a supervisory position over Plaintiff. Plaintiff's complaint
16  was, upon information and belief, related to his personal and private concern that
17  Defendant Lubchenco, among other things, supervised him, announced the presence of
18  both counsel at hearings, reviewed Plaintiff's suggested filings and tactics, and spoke at the
19  podium in proceedings, etc. Plaintiff expressed the personal and private concern that his
20  history of prior misconduct, including a disbarment of almost 17 years, which Plaintiff
21  referred to as his "State Bar history", was the basis of an alleged belief by others that he is
22  not a good attorney. Yet, at other times, Plaintiff expressed the belief that his supervisor
23  should act as first chair on the jury pool litigation because Plaintiff's "tarnished reputation"
24  based on his previous disbarment would result in him being taken less seriously. The
25  Defendants deny that the focus of Plaintiff's grievance was any matter of public concern,
26  deny that the mere submission of a grievance resulted in any adverse action, deny the
27  remaining allegations contained in these paragraphs, and demand strict proof thereof.

28      24.    Answering paragraphs 59-61 of the Complaint, the Defendants affirmatively

1  allege that the Public Defender's Office is able to request, and upon information and belief
2  obtain, information regarding the treatment of the mentally ill by employing various
3  means. The Public Defender's Office endeavors to act in the best interests of its clients and
4  is able to use its judgment to ascertain the most effective means to seek and obtain relief.
5  Plaintiff was never told "not to obtain the records necessary" to defend any Public
6  Defender's Office client and, upon information and belief, never bothered to make a written
7  request for MCSO records. The Public Defender's Office took action to obtain speedy relief
8  for the client, while Plaintiff instead wanted to focus on issues that would bring attention to
9  himself but would not necessarily provide the requested relief to the client. Plaintiff had not
10 positioned the matter procedurally to effectively question the Sheriff, who was not
11 expected to have any personal knowledge of the circumstances of the client about whom
12 Plaintiff sought information. Plaintiff resisted suggestions to focus on MCSO personnel
13 with actual knowledge of the issues, upon information and belief, because he wanted
14 attention for himself more than he wanted results for his client. Plaintiff was not advised he
15 could never question the Sheriff and was not told that he could never file a motion
16 regarding the issue, nor is there any prohibition from doing so, as long as the request is
17 proper and will be an effective means of serving the Public Defender's Office client's
18 interests. Plaintiff, who was acting erratically, was producing proposed filings of poor
19 quality, and was making false claims about his prior disbarment as well as other matters.
20 Upon information and belief, he raised his voice toward others, was disorganized and/or
21 unprepared, was not truthful, was resistant to supervision or instruction, produced a poor-
22 quality work product, and had previously been on a Performance Improvement Plan,
23 among other things. Plaintiff's performance, fitness, and integrity had long been issues of
24 concern and his performance was uneven. Plaintiff submitted proposed filings of low
25 quality that had to be extensively re-written by others. He was resistant to taking action to
26 serve the needs of the Public Defender's Office individual clients in the most effective
27 manner and instead seemed to seek attention for himself. The Defendants deny the
28 remaining allegations contained therein, and demand strict proof thereof.

25. Answering paragraph 84 of the Complaint, the Defendants affirmatively allege that Plaintiff met with Maricopa County Central HR Employee Relations on 8/21/19 to discuss his internal grievance regarding his personal private concerns. Plaintiff did not meet with Ms. Terribile on that date. Plaintiff's behavior was more erratic than usual, and his poor judgment was increased on or before August 17, 2019, at which time he submitted an email of complaint regarding personal issues related to his employment. He met with Maricopa County Central HR Employee Relations on 8/21/19 to discuss those personal concerns. Plaintiff exhibited hostility toward his supervisor regarding a variety of alleged events, all of which were private matters that were not of public concern but rather related to Plaintiff's personal employment-related concerns. Defendants affirmatively allege that Plaintiff expressed personal upset over his perception that his supervisor was vigorously pursuing the jury challenge litigation with Plaintiff in a supporting role, which Plaintiff perceived as reflecting a lack of respect for his personal abilities based on Plaintiff's negative reputation and having been disbarred for almost 17 years. Plaintiff demanded a different supervisor, and demanded that Defendant Lubchenco be ordered to act as second chair to Plaintiff because, upon information and belief, Plaintiff wanted the "personal credit", "glory and fame" he anticipated would flow to him if only his supervisor was not allegedly "undermining" him because of his perceived "reputation problem" that arose from his "State Bar history". Plaintiff was concerned that his history of having, upon information and belief, 9 or more bar complaints and a history of drug addiction, as well as an extended disbarment, was perceived as reflecting his lack of professionalism, poor judgment, and lack of legal abilities. Plaintiff therefore lied about his negative history, attempting to falsely assert that his disbarment was not supported by fact. The Defendants deny the remaining allegations contained therein and demand strict proof thereof.

26. Answering paragraph 88 of the Complaint, the Defendants affirmatively allege that Plaintiff was placed on paid administrative leave by the Public Defender, Mr. Haas, via a letter dated 8/21/19. The letter mentioned an independent medical examination and was not a communication from Ms. Terribile. Plaintiff met with Defendant Terribile

1   once, not on 8/21/19 but on 9/12/19. Ms. Terribile took no independent action regarding

2   Plaintiff's employment and acted at all times at the direction of her superiors and within

3   the course and scope of her employment. Ms. Terribile is a Department HR Manager, and is

4   not part of Maricopa County Central HR. The Defendants deny the remaining allegations

5   contained therein, and demand strict proof thereof.

6       27.     Answering paragraph 90 of the Complaint, Defendants affirmatively allege

7   that Plaintiff was terminated as the result of his own poor performance but admit the

8   termination letter from Mr. Haas to Plaintiff is dated 9/20/19. The Defendants deny the

9   remaining allegations contained therein, and demand strict proof thereof.

10      28.     Answering paragraph 91-93 of the Complaint, the Defendants affirmatively

11  allege that such paragraphs improperly contain disputed assertions of law to which no

12  response is required. The Defendants therefore deny those allegations and all remaining

13  allegations contained therein, and demand strict proof thereof.

14      29.     Answering paragraphs 95-98 and 100 of the Complaint, the Defendants deny

15  causing any compensable damage to Plaintiff and deny that Plaintiff was ever told he

16  "could not protect" the rights of Public Defender's Office clients.  If Plaintiff ever became

17  "physically ill", Defendants affirmatively allege it was due to other causes, including pre-

18  existing mental, emotional or physical conditions, outside stressors, and based on his

19  suspicion that his own previously tarnished reputation and disbarment of almost 17 years

20  supposedly made others question his fitness and abilities. Defendants also affirmatively

21  allege Plaintiff claimed to have suffered injuries unrelated to the workplace, including a car

22  accident, and claimed to have significant stress related to family and/or other matters which

23  he admitted caused him to act out on occasion. The Defendants deny that any act or

24  omission by them caused any damages or created any legal right in Plaintiff to seek redress

25  for whatever damages or ailments he claims to suffer or to have suffered. The Defendants

26  deny the remaining allegations contained therein, and demand strict proof thereof.

27      30.     Answering paragraphs 103-105 of the Complaint, Defendants affirmatively

28  allege that no action by any Defendant gives rise to any valid claim against them, and

9

affirmatively allege that they acted, at all times, within the course and scope of their employment and in good faith, did not cause any injury, and are entitled to immunity. The Defendants deny the remaining allegations contained therein, and demand strict proof thereof.

31.     Answering paragraphs 107–109 and 112 of the Complaint, the Defendants affirmatively allege that Defendant Terribile is a Department HR Manager. Defendant Lubchenco is a supervisor, and the job description covering his position speaks for itself and must be read and interpreted as a whole. The Public Defender's Office provides an atmosphere which respects First Amendment rights. The Defendants deny the remaining allegations contained therein, and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

32.     As a separate defense and in the alternative, the Defendants affirmatively allege that Plaintiff's Complaint fails, in whole or in part, to state claims for which relief may be granted.

33.     As a separate defense and in the alternative, the Defendants affirmatively allege the Public Defender's Office has no "stakeholder policy" or "stakeholder agreement", oral or written, and there is no agreement or policy under which the Public Defender limits the legitimate pursuit of valid issues for the benefit of its clients or under which it infringes upon First Amendment rights.

34.     As a separate defense and in the alternative, the Defendants affirmatively allege Plaintiff has not, and cannot, meet the legal prerequisites for some or all of his claims, including the exhaustion of administrative remedies.

35.     As separate defenses and in the alternative, the Defendants affirmatively allege failure to mitigate, lack of causation, and/or intervening/superseding cause, all of which may bar Plaintiff's claims or reduce his recovery.

36.     As a separate defense and in the alternative, the Defendants affirmatively allege there were legitimate, non-discriminatory, non-retaliatory reasons for all actions, and that he was not wrongfully terminated.

10

37.     As separate defenses and in the alternative, the Defendants affirmatively allege Plaintiff did not speak out in any legally recognized manner on any issue of public concern, but rather that Plaintiff submitted, then unsuccessfully tried to withdraw, an internal grievance to Maricopa County Central HR about his supervisor related to an individual personnel dispute and personal matters regarding his own dissatisfaction at being supervised and his suspicions that his negative history and prior disbarment were viewed by others as reflecting his inability to effectively practice law and/or make sound decisions.   Central HR's Employee Relations investigated Plaintiff's personal internal grievance and found no rule violations.

38.     As separate defenses and in the alternative, Defendants allege immunity, qualified immunity, lack of any municipal custom or policy to support Plaintiff's § 1983 claim, lack of causation, lack of personal participation in or direction over any allegedly wrongful act, lack of constitutional deprivation, lack of deliberate indifference, after-acquired evidence, lack of publication, that no Section 1983 liability can arise from a Public Defender exercising judgment as an attorney regarding the effective representation of Public Defender clients, and that Plaintiff was an at-will employee who was owed no due process.

39.     As separate defenses and in the alternative, Defendants allege that exclusive statutory remedies bar Plaintiff's state law claims, the absence of any public policy violation, the absence of any statutory violation, lack of disclosure of any alleged violation, and lack of any reasonable belief that a violation occurred.   Plaintiff has not alleged sufficient facts to support a claim for punitive damages and cannot recover such damages under any circumstance.

40.     Additional facts may be revealed by future discovery which support affirmative defenses presently available but unknown to Defendants.   Therefore, Defendants reserves their right to allege the additional affirmative defenses found in Rule 8 (c), Ariz. R. Civ. P., including but not limited to estoppel and waiver, all of which individually and collectively may prevent recovery.

11

1    41.    Defendants are entitled to an award of reasonable costs and attorneys' fees, as

2    well as expert fees and other expenses if appropriate, under Section 1983, Rule 11, A.R.S. §

3    12-349 and/or all applicable statutes and laws.

4

5    WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request a

6    jury trial on all issues and pray for the following:

7        1.    That Plaintiff take nothing thereby;

8        2.    That the Complaint be dismissed with prejudice;

9        3.    That Defendants recover attorneys' fees and costs.

10

11    RESPECTFULLY SUBMITTED this 2nd day of January 2020.

12                                    GREEN & BAKER, LTD.

13

14                            By:___/s/ Katherine Baker_____
                                  Katherine E. Baker
15                                9332 E. Raintree Drive, Suite 150
                                  Scottsdale, Arizona 85260
16                                Attorneys for Defendants

17

18    ORIGINAL of the foregoing eFiled
19    with AZTurboCourt this 2nd day
      of January, 2020, and electronically
20    served this same date on:

21    Troy P. Foster
      **The Foster Group, PLLC**
22    518 East Willetta Street
      Phoenix, AZ  85004
23

24    KEB_____

25

26

27

28

Clerk of the Superior Court
*** Electronically Filed ***
M. Cain, Deputy
1/6/2020 1:59:00 PM
Filing ID 11243260

Troy P. Foster #017229
**The Foster Group, PLLC**
518 E. Willetta Street
Phoenix, Arizona 85004
Tel: 602-461-7990
tfoster@thefosterlaw.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN THE COUNTY OF MARICOPA

| | |
|---|---|
| Dave Erlichman, a single man, | Case No.: CV-2019-015313 |
| Plaintiff, | |
| vs. | **MOTION FOR CHANGE OF JUDGE AND REASSIGNMENT TO JUDGE OF ANOTHER COUNTY** |
| James J. Haas, in his official capacity as the Maricopa County Public Defender; William Gates, in his official capacity as Chairman of the Maricopa County Board of Supervisors; Maricopa County; and Nicholas Lubchenco, in his official and individual capacities, Supervisor at Maricopa County Public Defender; and Diane J. Terribile, in her official and individual capacities, Human Resources Director at Maricopa County Public Defender, | (Assigned to the Honorable Rosa Mroz) |
| Defendants. | |

Pursuant to A.R.S. §§ 12-408 and 12-409, Plaintiff requests that the Court reassign this matter to an out-of county Judge of the Superior Court of Arizona. As Maricopa County is a party to this action and the claims asserted in the underlying Complaint involve the Superior Court Judges of Maricopa County, the Motion must be granted.[1]

This Motion is supported by the following Memorandum and Plaintiff's Affidavit.

---

[1] Though both statutes provide Plaintiff for a change as of right (§ 12-408 as to judge and § 12-409 as to county), we file this Motion because we believe that this County's venue is most convenient to all parties.

**MEMORANDUM**

As the Court is well aware, Arizona law provides that where the County is a party to any pending action in the same County, the opposing party may obtain a change of venue as a matter of right. *Yarbrough v. Montoya-Paez,* 214 Ariz. 1, 147 P.3d 755 (Ariz. Ct. App. 2006). There is no differentiation as to whether the opposing party is the plaintiff or defendant in the action. Of course, the purpose of the law is to avoid any actual conflict as well as to avoid the appearance of such conflict in the administration of claims.

For similar policy reasons, the Legislature has provided that a party may obtain a change in judge, as of right, and also for any potential bias or conflict. *Del Castillo v. Wells,* 523 P.2d 92 (Ariz. Ct. App. 1974) (discussing reasons for codifying change of judge).

Both statutes apply here. Plaintiff has sued, among other parties, Maricopa County. In addition, Plaintiff's substantive allegations involve the actions and/or inactions of the Presiding Judge of this Court, the Jury Commissioner of this Court, and impacts each and every single Judge of this Court. Specifically, in his Complaint, Plaintiff alleges that he sought to obtain a Writ of Mandamus from the Arizona Supreme Court for certain Constitutional and procedural violations occurring in this Court. *See* Complaint at 35-64. Central to Plaintiff's allegations is that sister County agencies, including the Public Defender's Office, the Jury Commissioner, and the Presiding Judge, had a policy of cooperation that impeded his ability to represent his clients in this Court before this County's judges. *Id.* at 66-81.

In these circumstances, judges of this Court may otherwise be interested in this action. *See* A.R.S § 12-409(2), (5); *see* Plaintiff's Affidavit, attached as Exhibit 1. That, compounded with the fact that Maricopa County and the Public Defender are both parties, mandates the appointment of an out-of-county Judge to preside in this matter.[2]

**Conclusion**

Plaintiff respectfully requests that this Motion be granted and the matter assigned to an out-of-county Judge of the Superior Court of Arizona.

---

[2] Though Plaintiff has a statutory right to request change of venue to a neighboring county, he waives that request if an out-of-county judge is appointed to preside in this proceeding.

1

2        **DATED** this 6th day of January, 2020.

3

4                                              **The Foster Group, PLLC**

5

6                                              _/s/ Troy P. Foster_
                                               Troy P. Foster
7                                              518 E. Willetta Street
                                               Phoenix, Arizona 85004
8                                              _Counsel for Plaintiff_

9

10    Original of the foregoing e-filed
      via AZTurbo Court on this 6th day
11    of January, 2020 and electronically
      served this same date on:

12

13    Katherine E. Baker
      GREEN & BAKER, LTD.
14    9332 E. Raintree Drive, Suite 150
      Scottsdale, Arizona  85260
15    Telephone:  (480) 991-3335
      kbaker@greenandbaker.com
16    Attorneys for Defendants

17

18

19

20

21

22

23

24

25

3

## AFFIDAVIT OF DAVE ERLICHMAN

I, Dave Erlichman, on my oath, pursuant to A.R.S. 12-409 (5), do say as follows:

1. I am the Plaintiff in the pending civil action #CV2019-015313 which my attorney, Troy P. Foster, prepared and filed for me.

2. All the allegations set forth in the complaint are true, and set forth sufficient facts entitling me to relief as a matter of law, having duly stated my claims for relief under Arizona and federal law.

3. At all times relevant to the case, I was a full-time attorney employed by the Maricopa County Public Defender's Office, and assigned to Trial Group B.

4. At the start of my first jury trial, my African- American client and I both observed that there were no African- Americans in the pool of 60 qualified residents, whom had assembled in the courtroom for selection as jurors on the case.

5. As a result of that experience, I began to research the history of what is now Section 5-203 (3) of the Arizona State Code of Judicial Administration, *Monitoring the jury system.*

6. I learned that sub-section (3), is all that survives from the prior text which had been approved upon the specific recommendations contained in the Final Report of the Arizona Supreme Court's Ad-Hoc Committee to Study Jury Practices. The recommendations of the Committee were adopted by Administrative Orders in 2003 and 2004.

7. I further learned that in Administrative Order 2007-105, effective Jan. 1, 2008, deleted from the text, all but sub-section 5-203 (3).

8. With respect to the language contained in sub-section (3), the Court did change the language from the past version by inserting the word "shall" in the first sentence, making it clear that it would be mandatory, and no longer discretionary, for the various Superior Courts throughout the state to "periodically monitor the performance of the jury system . . . ." to collect and analyze information regarding the performance of the jury system to ensure the representativeness and inclusiveness of the master jury list.

9.  Given the mandatory language of 5-203 (3), I believed that the Jury Office would be able to disclose all of its reports and analyses from 2004 through the time period described in the Complaint.

10.  As a result of the research that I conducted on the history of 5-203 (3), I prepared and filed a motion for discovery with respect to the issue of the representativeness and inclusiveness of the master jury list. I also obtained authorization and payment by the Public Defender's Office to retain one of the country's leading population experts to study the county's master jury list. After obtaining discovery from the jury office, the expert concluded that there exists a statistically significant underrepresentation of the nearly 1.5 million Hispanic residents of the county, from its jury pools.

11.  In litigating the discovery issue, I was provided a copy of the transcript of the Deposition of the county's Jury Commissioner conducted on August, 20, 2017, in a murder case. In her sworn to testimony in State v. Caleb Shaffery, CV- 2015-155446-001, Ms. Nicole Garcia testified that she was not aware of any requirement for the Jury Office to conduct reviews of the master jury list for the representativeness and inclusiveness of the master jury list. She also testified that she was not aware of any such reviews of the master jury list having been performed by the Jury Office.

12.  I would further determine that the Arizona Supreme Court has exclusive authority to administer the trial courts throughout the state, and has delegated its supervisory authority to the Presiding Judges of the various counties, with no apparent administrative oversight mechanism in place.

13.  Given the testimony of Ms. Garcia at her Deposition, I prepared a Petition for a Writ of Mandamus to the Arizona Supreme Court  to issue its Order commanding the Presiding Judge of the Maricopa County Superior Court to Show Cause at a hearing before the court, to address non-compliance with the mandatory requirements  of 5-203 (3).

14.  Upon learning of my intent to file the Petition, my Trial Group deputy supervisor, Nicholas Lubchenco ordered me not file the motion, and warned me if I did, I would risk being fired.  At the time, Mr. Lubchenco offered no explanation for his interference with my professional judgement as the attorney of record on the case(s). Not wishing to lose my job as a deputy public defender, I complied with his directive not to file the motion.

15. Not until Monday, August 19, 2019, when Mr. Lubchenco sent me an email at approximately 7:08 PM, did I learn that the reason he was interfering in my actions as the attorney of record on the case was because of the county's longstanding "stakeholder's policy", in which the Public Defender's Office had agreed to temper its legal actions against other county entities "(stakeholders") such as the Sheriff Department, County Attorney's Office, and Jury Office.

16. In both emails and conversations in August 2019, Mr. Lubchenco explained that the Public Defender's Office feared budgetary retaliation from the county if disputes were litigated rather than amicably resolved in meetings by management of the entities involved.

17. As the Presiding Judge of the Maricopa County Superior Court is involved in the subject of this litigation, along with the Presiding Criminal Judge, and all other Superior Court judges in Maricopa county, I have cause to believe, and do sincerely believe, that on account of the bias, prejudice, or interest of the county Superior Court judges, I cannot obtain a fair and impartial trial.

18. As a matter of convenience for the parties, I agree to waive my right to have the case transferred to another county, upon the court assigning it to an out-of-county judge.

State of Arizona

Maricopa County

SIGNED before a Notary Public on this _6th_ day of January 2020.

Notary Public State of Arizona
Maricopa County
Christina Lynne Garcia
My Commission Expires 11/06/2022
Commission Number 556793

My commission expires: _11/06/2022_

Dave Erlichman
Plaintiff